FILED
2007 Feb-08  PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
EMILY K. HELM,                }
                              }
        Plaintiff,            }
                              }      CIVIL ACTION NO.
v.                            }      05-AR-2079-S
                              }
LEEDS WATER WORKS BOARD,      }
                              }
        Defendant.            }
```

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of plaintiff, Emily K. Helm ("Helm"), asking this court to alter, amend, or vacate the Memorandum Opinion and Final Judgment of January 19, 2007 granting summary judgment against her on all claims and dismissing this action. Helm argues that her claim of First Amendment retaliation under 42 U.S.C. §1983 is due to be reinstated. Upon consideration, the court concludes that Helm is correct and her motion is due to be granted.

### Legal Standard

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Phillips v. American Honda Motor Co. Inc.*, 2006

1

WL 1889564 (S.D. Ala.) (internal quotations and citations omitted).

**Analysis**

The incorrect recitation of a crucial fact contained in the court's Memorandum Opinion provides a meritorious basis for Helm's present motion.  In the section of the original opinion addressing Helm's First Amendment retaliation claim, the court said that there was "no evidence that Helm actually testified in the [Lee] Barnes case until well after her termination."  Memorandum Opinion at 5. This statement was based on the evidence cited by Helm in her brief in support of her retaliation arguments.  Pl.'s Br. at 15.  Now, Helm points to the following passage from her deposition testimony:

> Q: We were off the record trying to figure out when you testified against Mr. Barnes.
>
> A: [Helm] I guess, like I said, it must have been '04 because he was there when we had to go to St. Clair County and Jefferson County, but I did cooperate.

Helm also now points this court to the testimony of Bill Morris, the CEO of the Board.  In his deposition, Morris stated:

> Q: Was that a hearing that occurred in maybe September of '04? Or was there more than one?
>
> A: [Morris] I think that's the one I went to.
>
> Q: Was that a hearing that – did Ms. Helm testify at that hearing as well, or if you know?
>
> A: I think she was there.

Q: Okay.  I mean, do you recall being in the courtroom while she was on the witness stand?

A: No.  You know, I had to sit outside, and then they call you in; and then you get through, you get to leave, so.

Q: Did you ever have any conversations with Ms. Helm about her testimony and the fact that each of you had received subpoenas?

A: No, sir.

This testimony is ambiguous. No one, it seems, can recall the precise date of Helm's testimony, nor even the type of tribunal before which she appeared.  However, drawing all inferences in favor of Helm, the non-moving party, and for purposes of this motion, this court is prepared to accept that Helm testified against Barnes in some manner in September 2004, shortly before she was terminated.  Of course, if after hearing disputed evidence, a jury answers a special interrogatory so as to find that Helm did not testify **until after** her termination, she will be back where she was when this court granted summary judgment against her on January 19, 2007.

It is clearly established that a public employer may not retaliate against an employee for that employee's exercise of constitutionally protected speech.  *Rankin v. Myerson*, 483 U.S. 378, 107 S.Ct. 2891 (1987).  In cases claiming First Amendment retaliation, courts apply the four-step analysis set forth in

*Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct 1731 (1968) and *Bryson v. City of Waycross*, 888 F.2d 1562 (11th Cir. 1989). Under this analysis, a plaintiff must show: (1) the speech involved a matter of public concern; (2) the employee's free speech interests outweighed the employer's interest in effective and efficient fulfillment of its responsibilities; and (3) the speech played a substantial part in the adverse employment action. Finally, if an employee satisfies her burden on the first three steps, the employer must show by a preponderance of the evidence that it would have made the same decision even in the absence of the protected speech.  This is known as the *Mt. Healthy* defense.

The Board's primary basis for seeking summary judgment was its invocation of *Mt. Healthy*.  As the court discussed at some length in its earlier Memorandum Opinion, the Board's reliance on *Mt. Healthy* was misplaced.  Memorandum Opinion at 28.  In the original opinion, this court concluded the Board was entitled to summary judgment not because of *Mt. Healthy*, but because "Helm [could not] establish that her grievance letter, or any other expression by her, constituted a matter of public concern."  *Id.*  Because Helm has now pointed the court to just such an instance of purported expression, the court must reevaluate the sufficiency of her claim.

The question before the court is simple: having established an evidentiary basis for her contention that she did, in fact, testify in some form before her termination, can Helm establish a *prima*

4

*facie* case of retaliation under §1983?  The court concludes that she can.  First, the Board has, for purposes of its summary judgment pleadings, conceded the first two elements of the four-step analysis.  Second, the only facts in dispute relate to causation (the third step) and the *Mt. Healthy* defense (the fourth step).

In evaluating a *prima facie* retaliation claim, only "[t]he first two steps [of the four-step analysis] are questions of law; the final two steps are questions of fact designed to determine whether the alleged adverse employment action was in retaliation for the protected speech." *Cook v. Gwinnett County School Dist.*, 414 F.3d 1313, 1318 (2005).  As discussed in the Memorandum Opinion, the mere fact that the Board conceded the first two elements of a *prima facie* retaliation claim does not compel a denial of summary judgment of a patently insufficient claim on the other essential elements.  However, as it stands, the court agrees with Helm that (1) her testimony touched upon a matter of public concern, (2) her interest in testifying, whether or not pursuant to a subpoena, outweighed the Board's interest in efficiency, and (3) the temporal proximity between her alleged testimony and her termination provides a jury question of causation.  She has, therefore, met her initial burden.

Although no evidence exists as to the precise nature of Helm's testimony, the fact that it occurred during a criminal proceeding

5

indicates that the speech was public in nature and concern. *Matinez v. City of Opa-Locka*, 9714 F.2d 708, 712 (11th Cir. 1992) (holding that testimony before the city commission regarding certain purchasing practices of the city affected a matter of public concern). Helm's testimony stands in stark contrast to her letter addressed to the Board, which was unquestionably private in nature.

Finally, Helm's interest in testifying outweighs the Board's interest in the efficient administration of its business. Helm, as a public employee, has a weighty interest in testifying as to the conduct of another public employee. As the Eleventh Circuit has stated, "a core concern of the First Amendment is the protection of whistleblowers who report government wrongdoing." *Akins v. Fulton County, Ga.*, 420 F.3d 1293, 1304 (11th Cir. 2005) (internal quotations and citations omitted). Given the Board's concession on this issue, it presented no evidence that Helm's testimony undermined its administration and because the court cannot, on its own, identify any such evidence, Helm has successfully established this element of her claim.

For these newly discovered reasons, the Board is not entitled to summary judgment on Helm's claim of retaliation in response to her testimony under §1983.

## Conclusion

Helm's motion to vacate, alter, and amend the court's earlier

6

Memorandum Opinion and Final Judgment of January 19, 2007, is hereby GRANTED.  The contrary portions of the Memorandum Opinion and Final Judgment are hereby VACATED and defendant's motion for summary judgment as to the §1983 retaliation claim is DENIED.  This case is hereby SET for pretrial conference on **March 13, 2007** at **9:30 a.m** in accordance with the attached pretrial instructions.

DONE this 8th day of February, 2007.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7